IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HIGHWAY SOLUTIONS, LLC, ) | |
| ) | |
|     DEBTOR/PLAINTIFF ) | |
| ) | |
| v. ) | CASE NO. 2:08-mc-03416-MEF |
| ) | |
| McKNIGHT CONSTRUCTION CO., INC. ) | (WO-Do Not Publish) |
| and TRAVELERS CASUALTY & SURETY ) | |
| CO. OF AMERICA, ) | |
| ) | |
|     DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on two motions: Motion to Withdraw the Reference as to Adversary Proceeding Number 08-3013 (Doc. # 1) filed on June 16, 2008 by Defendant Travelers Casualty & Surety Co. of America ("Travelers") and the Motion to Withdraw the Reference as to Adversary Proceeding Number 08-3013 (Doc. # 2) filed on June 16, 2008 by Defendant McKnight Construction Co., Inc. ("McKnight"). The Court has carefully considered the arguments submitted in support of and in opposition to the motions and finds that they are due to be DENIED.

Highway Solutions, LLC ("Debtor") filed its petition for relief under Chapter 11 of the Bankruptcy Code on September 26, 2007. Debtor has continued to operate its business as a debtor-in-possession. On April 16, 2008, Debtor filed a complaint that forms the basis of the adversary proceeding number 08-3013. In the complaint, Debtor alleges that the

causes of action against Travelers and McKnight are core proceedings under 28 U.S.C. § 157(b)(2). Debtor's complaint set forth a variety of claims against Travelers and McKnight. Debtor's complaint sets forth two counts against Travelers: a claim under 40 U.S.C. § 3131 *et seq.* ("the Miller Act") and a claim under state law for bad faith failure to pay on a surety bond. Debtor's complaint sets forth seven counts against McKnight, including one claim pursuant to 31 U.S.C. § 3905 and one claim pursuant to the Miller Act.

Noting the presence of claims against them under federal law, Travelers and McKnight contend that mandatory withdrawal of the proceeding against them is required by 28 U.S.C. § 157(d). In the alternative, they seek permissive withdrawal under another portion of § 157(d). Travelers and McKnight also seek to transfer the case, once removed, to the United States District Court for the Middle District of Georgia under the venue provision of the Miller Act. Debtor argues that neither mandatory, nor permissive withdrawal are appropriate in the circumstances of this case.

The district court has original bankruptcy jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a). District courts may refer these bankruptcy cases to specialized bankruptcy courts. 28 U.S.C. § 157(a). The Middle District of Alabama has adopted a General Order of Reference that refers all cases arising under or related to Title 11 to the bankruptcy courts in the Middle District. General Order of Reference, April 25, 1985. If a party believes its case should be heard in district court, it may petition the district court to withdraw the reference and relieve

the bankruptcy court of jurisdiction. The statutory section addressing withdrawal states as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on a timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The decision to grant or deny a motion to withdraw a reference belongs solely to the district court judge. Fed. R. Bankr. P. 5011. By granting district court judges the discretion to refer Title 11 cases to the bankruptcy courts and the authority to withdraw the reference once made, Congress ensures that "the judicial power of the United States will be ultimately exercised by an Article III Court." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 538 (11th Cir. 1991).

As previously stated, withdrawal may be mandatory or permissive. According to §157(d), withdrawal is mandatory if the case requires resolution of both Title 11 and non-bankruptcy code federal law. A few courts have interpreted § 157(d) quite literally and held that withdrawal is mandatory any time a non-bankruptcy code federal law claim is pled, irrespective of the claim's substantiality. *See, e.g.*, *In re Keifer*, 276 B.R. 196 (E.D. Mich. 2002). The majority of courts to have reached the issue have, however, selected a different interpretation. Thus, most courts, including this one, have construed § 157(d) to mean "that withdrawal is mandatory 'only if the court can make an affirmative determination that

3

resolution of the claims will require substantial and material consideration of those non-Code statutes' which have more than a *de minimis* impact on interstate commerce." *In re TPI Intern. Airways*, 222 B.R. 663, 667 (S.D. Ga. 1998) (quoting *In re C-TC 9th Ave. Partnership*, 177 B.R. 760, 762-64 (N.D.N.Y. 1995)). *Accord*, *In re Price*, 2:06mc3317-MHT, 2007 WL 2332536, *2 (M.D. Ala. 2007); *In re Childs*, 342 B.R. 823, 826-27 (M.D. Ala. 2006). Courts employing the "substantial and material" test have expressed concern that parties could undermine Congress' intent to give district courts the discretion to refer Title 11 cases to bankruptcy courts by alleging insubstantial claims involving non-bankruptcy code federal law. *In re American Body Armor & Equipment, Inc.*, 155 B.R. 588, 591 (M.D. Fla. 1993); *United States v. ILCO, Inc.*, 48 B.R. 1016, 1021 (N.D. Ala. 1985).

Given the unique circumstances of this case where a few, but certainly not most of the claims in the adversary proceeding arise under federal law, but the other claims arise under Alabama common law or an Alabama statute, the Court cannot conclude that the application of the "substantial and material" test warrants mandatory withdrawal. Thus, to the extent that the motions are predicated on mandatory withdrawal they are due to be DENIED.

Even if mandatory withdrawal is not required, it may be appropriate for the judge to employ permissive withdrawal. Whether to grant a motion for permissive withdrawal is within the discretion of the district court. *See, e.g.*, *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985); *In re White Motor Corp.*, 42 B.R. 693, 699 (N.D. Ohio 1984). Permissive withdrawal requires a showing of cause. 28 U.S.C. § 157(d). Determination of

whether cause exists involves analyzing a number of factors, including whether withdrawal will advance uniformity in the administration of bankruptcy law, prevent forum shopping, conserve the parties' resources, and facilitate the bankruptcy process. *See Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 741-42 (11th Cir. 2000). In this case, there is no reason to think that declining to withdraw the matter will advance uniformity in the bankruptcy law. However, withdrawal would delay and disturb the bankruptcy process and create additional expense for the parties. Additionally, permitting withdrawal based solely on the presence of a Milller Act claim issues would encourage forum-shopping. Based on these factors, the Court, in its discretion, finds that the motions are due to be DENIED with respect to permissive withdrawal.

For the foregoing reasons, it is hereby ORDERED that the Motion to Withdraw the Reference as to Adversary Proceeding Number 08-3013 (Doc. # 1) filed on June 16, 2008 by Defendant Travelers Casualty & Surety Co. of America ("Travelers") and the Motion to Withdraw the Reference as to Adversary Proceeding Number 08-3013 (Doc. # 2) filed on June 16, 2008 by Defendant McKnight Construction Co., Inc. ("McKnight") are DENIED. It is further ORDERED that the Clerk of the Court is DIRECTED to close this file.

DONE this the 12th day of June, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE